IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWRENCE BOLDEN,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　　Respondent. | **4:26CV3099**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Lawrence Bolden's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254, and filed on March 23, 2026.  In his petition, Petitioner states he was convicted of second degree murder pursuant to his no contest plea and was sentenced on April 6, 2022, by the District Court of Douglas County, Nebraska, to 40 to 50 years in prison. Filing No. 1 at 1.  Petitioner alleges the Nebraska Court of Appeals affirmed his judgment on direct appeal on June 21, 2023.[1]  *Id*. at 2; *see also State v. Bolden*, No. A-22-264, 2023 WL 2377039 (Neb. Ct. App. Mar. 7, 2023).

Petitioner filed a motion for postconviction relief on February 5, 2024, *see State v. Bolden*, No. A-24-226, 2025 WL 517640, at *2 (Neb. Ct. App. Feb. 18, 2025), which the state district court denied on March 6, 2024, Filing No. 1 at 3.  Petitioner appealed, and the Nebraska Court of Appeals affirmed the state district court's decision denying his postconviction motion without an evidentiary hearing on February 18, 2025.  *Id*. at 3; *see also State v. Bolden*, A-24-226, 2025 WL 517640 (Neb. Ct. App. Feb. 18, 2025).

---

[1] June 21, 2023, appears to be the date the mandate issued on Petitioner's direct appeal because the Nebraska Court of Appeals issued a memorandum web opinion on March 7, 2023, and Petitioner's petition for further review was denied on June 7, 2023.  *See State v. Bolden*, No. A-22-264, 2023 WL 2377039 (Neb. Ct. App. Mar. 7, 2023).

Petitioner did not file a petition for further review, Filing No. 1 at 5, and it appears the mandate issued on March 25, 2025, *Id*. at 6.

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).  However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1.      By **August 3, 2026**, Respondent must file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 3, 2026**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

2

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.  Petitioner may not submit other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order.  *See* the following paragraph.  The documents must be

3

filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.    By **August 3, 2026**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive

petition.   *See, e.g.,* Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.   Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the Court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.   The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 2, 2026**: check for Respondent's answer and separate brief.

4.     No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 17th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge