IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LAWRENCE BOLDEN,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**4:26CV3099**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion for appointment of counsel. Filing No. 19. Petitioner asks the Court to appoint counsel to represent him due to his inability to afford counsel, the complexity of the issues involved, his lack of legal knowledge, and limited access to the law library. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this time as the only issue presently under consideration is the timeliness of Petitioner's habeas petition and Petitioner has demonstrated his ability

to present his claims and requests for relief in appropriate, clearly written pleadings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Petitioner's motion for appointment of counsel, Filing No. 19, is denied without prejudice to reassertion.

2. Petitioner is advised that he has until **December 2, 2026**, to file and serve his brief in opposition to Respondent's summary judgment motion.

Dated this 7th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge